UNITED STATES DISTRICT COURT
SOUTHRN DISTRICT OF FLORIDA
Case No.:     -CIV-

DANIEL IGLESIAS, Individually, and on
Behalf of All Others Similarly Situated
Who consent to Their Inclusion in a
Collective Action

    Plaintiff,

v.

NOYAH TRANSPORTATION SERVICES, INC.,
a Florida Corporation, and DIONIS PEREZ, individually;

    Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, DANIEL IGLESIAS (hereafter "Plaintiff"), individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through the undersigned counsel, sues Defendants, NOYAH TRANSPORTATION SERVICES, INC. (hereafter "Noyah), a Florida Corporation, and DIONIS PEREZ (hereafter "Perez"), individually, (collectively referred to as "Defendants")pursuant to 29 U.S.C. §201, *et.seq.*, the Fair Labor Standards Act (the "FLSA") and states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal statute, namely, 29 U.S.C. §§ 206 and 207.

2. This Court has personal jurisdiction over this action because Defendants conduct business in Miami-Dade County, Florida and the damages at issue occurred in Miami-Dade County, Florida.

3. Venue is proper to this court under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

4. At all times, relevant to this action Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

## PARTIES

5. Plaintiff, DANIEL IGLESIAS, is an adult, male citizen of the United States who presently resides in Miami-Dade County, Florida.

6. Plaintiff was employed as a driver by Defendants from on or about May 22, 2017 until on or about September 14, 2018.

7. Defendant, NOYAH., is a Florida Corporation with its principle address located at 8820 SW 24th Street Ste. B, Miami, Florida 33165.

8. Defendant, NOYAH is an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. §203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

9. Based upon information and belief, the annual gross sales volume of the Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

10. Plaintiff and similarly situated drivers were individually engaged in commerce.

11. Defendant, PEREZ is the President of Defendant, NOYAH and was Plaintiff's employer within the meaning of the FLSA as he was Plaintiff's supervisor, had the power to hire and fire employees, including Plaintiff, supervised and controlled Plaintiff's conditions of

employment, determined the rate and method of payment to Plaintiff, maintained Plaintiff's employment records and had significant operational control of Defendant, NOYAH.

12. As an officer, manager and/or owner of the Defendant, NOYAH., who had significant operational control of its day to day operations, PEREZ is an employer within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 492, 12 Wage and Hour Cae. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

13. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

14. At all times material, during Plaintiff's employment with Defendants, the Defendants were engaged in interstate commerce or in the production of goods and services for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## CLASS DEFINITIONS

15. Plaintiff brings his claim on behalf of the Collective Class of Drivers as follows:

> All drivers, or employees performing similar work regardless of their job title, who are or were employed by Defendants, within the past threw years preceding the filing of this lawsuit, and who elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b)

16. This collective action arises from an ongoing wrongful scheme by Defendants to willfully fail to pay its employees the applicable overtime compensation for all hours worked in excess of forty (40) in a workweek in violation of the FLSA.

17. Plaintiff, DANIEL IGLESIAS, believes that he can adequately represent the Collective Class of Drivers and consents to doing so.

18. Plaintiff alleges for himself, and on behalf of the collective class members who elect to opt-in to this action, that he is entitled to the unpaid overtime compensation from

Defendants at a rate of time and one-half of his regular rate of pay for all hours worked in excess of forty (40) in a workweek, as required by law.

## GENERAL ALLEGATIONS

19. Upon information and belief, the job duties and responsibilities of all drivers employed by Defendants are uniform and are mirror images of each other.

20. Plaintiff, and similarly situated drivers, were required to drive and transport medical patients to medical facilities.

21. Defendants promised Plaintiff, and similarly situated drivers, that they were going to be paid an hourly wage.

22. Defendants required Plaintiff, and similarly situated driver, to work twelve (12) hours a day, Monday through Saturday.

23. Plaintiff, and similarly situated drivers, regularly worked in excess of forty (40) hours per week but were not paid at the rate of time-and-one-half their regular hourly rate.

24. Although the Defendants were able to keep track of hours worked by Plaintiff, and similarly situated drivers, the Defendants failed to pay Plaintiff, and similarly situated drivers, at an overtime rate when working in excess of forty (40) hours a week.

25. Plaintiff, and similarly situated drivers, should have been paid on an hourly, non-exempt rate during the entire course of their employment with the Defendants.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

26. Plaintiff brings this action as a collective action pursuant to the Fair Labor Standards Act §216, on behalf of himself and a class of persons consisting of:

> All drivers, or employees performing similar work regardless of their job title, who are or were employed by Defendants, within the past three years preceding the filing of this lawsuit, and who elect to opt-in tot his action pursuant to FLSA 29 U.S.C. §216(b).

27. The claims of the Representative Plaintiff are typical of the claims of the Collective Class.

28. The number of potential Collective Class members is so numerous that a joinder of all members is impractical although the precise number of class individuals is presently in the sole possession of Defendants.

29. Upon information and belief, Plaintiff reasonably believes that the Collective Class of drives compromises at least more than 20 current and former drivers over the past 3 years.

30. Plaintiff will fairly and adequately represent and protect the interests of the proposed Collective Class members. Plaintiff has retained counsel competent experiences in complex class and collective actions along with employment litigation. There is no conflict between the Plaintiff and the Class members.

31. Common questions of law and fact exist as to the proposed Collective Class that predominate over any questions only affective individually and include, but are not limited to, the following:

    a) Whether Defendants unlawfully deprived the class of drivers an overtime premium for all hours worked in excess of forty (40) in a workweek;

    b) Whether Defendants' policy of failing to pay its drivers an overtime premium for all hours worked in excess of forty (40) per week has been instituted willfully or with reckless disregard of the law; and

    c) The nature and extent of class-wide injury and the measure of damages for those injuries.

32. Collective representation is superior available methods for the fair and efficient adjudication of the controversy for a number of reasons including but not limited to following: the case challenges the policy of a large employer, and many employees may be reluctant to bring claims individually for fear of retaliation; some class members may have only worked for the Defendants for a short period of time and their individual damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many class members will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affected by the practices challenged herein to bring his or her own individual claim.

33. Defendants have willfully failed to pay its drivers an overtime premium for all hours worked in excess of forty (40) each week for the purpose of minimizing payroll and increasing profitability.

34. Defendants have received the benefits of the Plaintiff's and the putative class members' labor without compensating them for the labor.

35. Defendants are liable under the FLSA for failing to compensate its drivers for all hours worked and notice should be sent to past and current employees of Defendants. It is estimated that there at least twenty (20) current or former similarly situated drivers who have been employed by Defendants in the preceding three years. These similarly situated employees would benefit from the issuance of court supervised notice regarding the present lawsuit and the opportunity to join in the present lawsuit pursuant to FLSA §216(b). These similarly situated employees are known to Defendants, are readily identifiable, and can be located only through Defendants' records.

36. Defendants willfully violated FLSA §207 by failing to pay Plaintiff and others similarly situated an overtime premium for all hours worked in excess of forty (40) per week.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of FLSA 29 U.S.C. §207

37. Plaintiff alleges and incorporates by reference paragraphs 1-36 of this Complaint and fully restates and re-alleges all facts and claims herein.

38. The Defendants' conduct in failing to pay Plaintiff, and similarly situated employees, an overtime premium for all hours worked in excess of forty (40) violates the FLSA.

39. The Defendants have willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by failing to pay its drivers overtime compensation for all hours worked over forty (40) hours per week, pursuant to 29 U.S.C. §207.

40. The widespread nature of Defendants' failure to pay overtime under the FLSA is demonstrative of their willful plan and scheme to avoid paying an overtime premium to its drivers.

41. As a result of Defendants' unlawful acts, Plaintiff, and similarly situated employees, have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

42. Defendants have not made a good faith effort to comply with the overtime compensation requirements of the FLSA with respect to Plaintiff and the Collective Class, comprised of all other employees similarly situated.

**WHEREFORE**, Plaintiff, DANIEL IGLESIAS, individually, and on behalf of the Collective Class of Drivers, request the following relief:

a) An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual consents to join pursuant to §216 and that the notice be sent to all past and present drivers employed by the Defendants within three years preceding the filing of this action;

b) That the Court find Defendants in violation of the overtime compensation provisions of the FLSA;

c) That the Court find that the Defendants' violation of the FLSA is willful;

d) Payment of unpaid overtime wages calculated at the rate of one and one-half times the applicable regular rate of pay for every hour worked in excess of forty during any given work week during the three-year period immediately preceding the filing of this suit;

e) An equal amount of all the damages in the form of liquidated damages as allowed under the FLSA;

f) Reasonable attorney's fees, costs, and expenses of this action as provide by 29 U.S.C. §216(b); and

g) Any such legal and equitable relief that this Court may deem appropriate.

### DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.

8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223